## IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KARTIK AMIN** | ) | |
| | ) | C.A. No. |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| **PROGRESSIVE INSURANCE** | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiff Kartik Amin, by and through his undersigned counsel, in support of his cause of action against Defendant Progressive Insurance Company, states the following:

## PARTIES

1. Plaintiff Kartik Amin is a resident of the Commonwealth of Pennsylvania and resides at 39 Tall Oaks Dr., Feasterville, PA 19053.

2. Defendant Progressive Insurance is an Ohio corporation authorized to do business and to issue insurance policies in the Commonwealth of Pennsylvania, with a principal place of business at 6300 Wilson Mills Road, Mayfield Village, Ohio 44143.

## JURISDICTION AND VENUE

3. This action is brought pursuant to diversity jurisdiction under 28 U.S.C. § 1332.

4.      There is complete diversity of citizenship between the parties at the time of the filing of this action. The claimed damages in this matter are in excess of $75,000. As such, this Honorable Court has jurisdiction over Progressive inasmuch as it conducts business in the Commonwealth of Pennsylvania.

5.      This matter involves an automobile insurance contract that was executed in the Commonwealth of Pennsylvania between the parties.

6.      Pursuant to 28 U.S.C. § 1391, venue is proper in this matter, given that the insurance contract in dispute was ratified in Bucks County, which is located within the United States District Court for the Eastern District of Pennsylvania.

7.      Furthermore, the insurance contract contains a forum selection clause which states in relevant part: "Any action brought against us pursuant to coverage under Part III—Uninsured/Underinsured Motorist Coverage must be brought in the county in which the person seeking benefits resides, or in the United States District Court serving that county." As such, venue is appropriate in the Eastern District.

## FACTUAL BACKGROUND

8.      On November 4, 2023, Plaintiff Kartik Amin was lawfully operating a 2023 Tesla Model 3 traveling southbound on I-95 in the right-center lane, south of Route 141, in New Castle County, Delaware.

9.      Plaintiff's 2023 Tesla Model 3 was insured under Defendant's Progressive Insurance Policy #968128161.

10.    An unknown vehicle was traveling in close proximity behind the Plaintiff. Due to traffic congestion, Plaintiff was slowing down, and the unknown vehicle struck Plaintiff's vehicle in the rear.

11.    The unknown vehicle proceeded to flee the scene of the accident and was not apprehended or identified.

12.    The unknown vehicle tortfeasor was negligent per se as follows:

a.    CARELESS DRIVING. Defendant drove in a careless or imprudent manner or without due regard for road, weather and traffic conditions then existing in violation of 21 Del.C. sec 4176(a).

b.    INATTENTIVE DRIVING. Defendant failed to give full time and attention to the operation of the vehicle and/or failed to maintain a proper lookout while operating the vehicle in violation of 21 Del.C. sec 4176(b).

c.    RECKLESS DRIVING. Defendant recklessly caused injury to the Plaintiff by operating his vehicle in willful or wanton disregard for the safety of persons or property in violation of 21 Del.C. sec 4175(a).

13.    The unknown vehicle tortfeasor further failed to abide by the common law duties of maintaining a lookout and maintaining safe control of their vehicle.

14.    The unknown vehicle tortfeasor was further negligent in that his actions did constitute a deviation from the standard of a reasonably prudent person under like circumstances.

15. The unknown vehicle tortfeasor's negligence directly and proximately caused the motor vehicle accident.

16. As a result of the motor vehicle accident, Plaintiff has experienced and will experience conscious pain and suffering, loss of enjoyment, permanent injury, bodily impairment, medical expenses, economic injury, physical injury and loss of property.

17. The unknown vehicle tortfeasor is considered an uninsured motorist for the purposes of appropriate insurance coverage, given no other insurance policy is available.

18. Plaintiff filed and pursued a Progressive Uninsured Motorist Claim (UM) under Plaintiff's Progressive Insurance Policy #968128161. The claim number assigned for the UM claim was 233944589.

19. Plaintiff maintained $1,000,000.00 in uninsured motorist coverage under the aforementioned policy and claim written and insured by the Defendant.

20. Defendant accepted the uninsured motorist claim for monetary damages and settlement negotiations occurred to no resolution.

21. To date, Plaintiff has suffered and continues to suffer from injuries sustained as a result of the motor vehicle accident and sustained significant damages.

22. Defendant has not provided adequate and appropriate compensation relative to the severe injuries and damages associated with the UM claim.

## COUNT I – BREACH OF CONTRACT

23.    Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein.

24.    Plaintiff has fully complied with all the terms and conditions of Defendant Progressive's Insurance Policy. A true and correct copy of the Policy's Terms and Conditions is attached hereto as Exhibit "A."

25.    Defendant stands in the shoes of the unknown tortfeasor and is obligated to compensate Plaintiff for damages arising from the tortfeasor's negligent acts.

26.    Defendant has failed to pay damages that would adequately and appropriately compensate Plaintiff for the damages he suffered due to the actual and proximate cause of tortfeasor's negligent acts.

27.    Defendant has failed to objectively and fairly evaluate Plaintiff's uninsured motorist claim.

28.    Defendant has failed to reasonably and properly investigate Plaintiff's claims, which would have revealed the severity and seriousness of Plaintiff's injuries.

29.    As an insured under the Defendant's Progressive Insurance Policy for Uninsured Motorist Benefits, Progressive owed Plaintiff a fiduciary, contractual, and statutory obligation to properly investigate, evaluate and negotiate the uninsured motorist claims in good-faith, and had an obligation to arrive at a prompt, proper, and equitable settlement.

WHEREFORE, Plaintiff Kartik Amin, respectfully requests that this Honorable Court grant judgment in his favor against Defendant, Progressive Insurance, in an amount in excess of $75,000.00 as well as interest, costs, attorney's fees, and such other relief as this Honorable Court deems just and proper.

SCHWARTZ & SCHWARTZ

By: /s/ Joseph D. Stanley
JOSEPH D. STANLEY
PENNSYLVANIA BAR
ID No. 320098
1140 South State Street
Dover, Delaware 19901
(302) 678-8700
Joe.stanley@schwartzandschwartz.com
Attorney for the Plaintiff

June 26, 2026